IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM F. MCKNIGHT, :
    Petitioner :
     :
  v. : CIVIL NO. 3:CV-15-2099
     :
     : (Judge Conaboy)
WARDEN KERESTES, :
    Respondent :
_____

**MEMORANDUM**
**Background**

William F. McKnight initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 while confined at the Mahanoy State Correctional Institution, Frackville, Pennsylvania (SCI-Mahanoy).[1] Service of the petition was previously ordered.

Petitioner entered a guilty plea on March 27, 2014 to a charge of making/selling/repairing an offensive weapon in the Wayne County, Pennsylvania Court of Common Pleas.[2] McKnight was sentenced that same day to an eighteen (18) to forty-two (42) month term of imprisonment.

---

[1] Petitioner has notified the Court that he has completed service of his sentence and has been released from confinement. See Doc. 21.

[2] While a state pre-trial detainee, McKnight filed two habeas corpus petitions with this Court, McKnight v. Bishop, Civil No. 3:14-CV-574 & McKnight v. Bishop, Civil No. 3:14-CV-603 which were dismissed without prejudice as being prematurely filed under Younger v. Harris, 401 U.S. 37 (1981)("principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances").

1

Petitioner filed a direct appeal which was denied by the Pennsylvania Superior Court on October 6, 2014. He did not seek further review. McKnight states that he thereafter filed a habeas corpus petition with the sentencing court on February 24, 2014.[3] His petition asserted claims of newly discovered evidence, ineffective assistance of counsel, and falsification of police documents. The Petitioner asserts that no action was taken on his petition by the Wayne County Court of Common Pleas.

McKnight claims entitlement to federal habeas corpus relief on the grounds that the state trial court acted improperly by refusing to provide him with an evidentiary hearing on his habeas corpus petition. See Doc. 1, ¶ 12. He adds that his court appointed attorney failed to pursue the matter which would have shown that he could not have been in possession of a firearm and that he was the subject of a falsified search warrant. Petitioner further contends that the state's court failure to take action also denied him his right to file an appeal.

Petitioner has also provided the Court with a copy of a Superior Court Order dated March 21, 2016 denying his appeal for

---

[3] It appears that this action was initiated pursuant to Pennsylvania's Post Conviction Relief Act (PCRA) See 42 Pa. Cons. Stat. Ann. § 9541 et seq. The PCRA "permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

2

failure to file a brief.  See Doc. 16.  McKnight claims that he never filed or authorized any such appeal.  See id.

According to the Respondent Petitioner filed both a direct appeal and a PCRA action, both of which were denied by the trial court.  The PCRA action is described as raising claims including the issue of whether McKnight knowingly, voluntarily, and intelligently waived his right to counsel.  See Doc. 11, ¶ 5.  Respondent adds that the Superior Court remanded the matter to the trial court for an on the record determination as to whether Petitioner made a proper waiver of his right to counsel.  A hearing on that matter was scheduled by the trial court for January, 2016.  The appeal of the PCRA action was pending before the Superior Court at the time this matter was filed.

## **Discussion**

McKnight claims entitlement to federal habeas corpus relief on the grounds that the state trial court acted improperly by refusing to provide him with an evidentiary hearing on his state habeas corpus petition.  See Doc. 1, ¶ 12.  As noted earlier, it appears that the state habeas corpus hearing was actually a PCRA proceeding.

Based upon information provided by the parties, after the November, 2015 filing of this action, the Petitioner was provided with a PCRA hearing by the state trial court in January, 2016.  Thereafter, his PCRA appeal was dismissed by the Superior Court on

3

March 21, 2016.

**Mootness**

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

Since Petitioner was afforded a hearing before the trial court after the filing of this action, under the principles set forth in

4

Steffel, his claim of improperly being denied such a hearing is subject to dismissal as moot since it no longer presents an existing case or controversy.

**Exhaustion**

Federal courts generally refrain from considering the merits of a habeas corpus claim by a state prisoner unless the applicant has complied with the exhaustion requirement set out at 28 U.S.C. § 2254(b)(1)(A). This provision requires that the state courts must be given a fair opportunity to review allegations of constitutional error before a litigant seeks relief in federal court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004). Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective. The exhaustion requirement is not a mere formality. It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights.

The United States Supreme Court, noting that a total exhaustion rule "does not unreasonably impair the prisoner's right

to relief," has recognized that if a habeas corpus petition containing both exhausted and unexhausted claims is presented, then the entire petition must be dismissed. Rose v. Lundy, 455 U.S. 509, 522 (1982). A petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. See Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000).

It appears that this matter arguably includes claims which were included in McKnight's PCRA action which was still pending before the Pennsylvania state courts when this action was initiated. Since the Pennsylvania state court had not completed their review of Petitioner's PCRA claims prior to the filing of this petition, any federal habeas corpus claims raised by the PCRA action are subject to dismissal as being prematurely filed. Moreover, since it appears that this action may include arguments raised on both direct appeal and during PCRA proceedings, Petitioner's pending action is a petition which likewise cannot be entertained by this Court. An appropriate Order will enter.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: JUNE 13, 2017